Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, Arizona 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

|  |  |
|---|---|
| **Eric G. Bjotvedt**, an individual; | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **American Payment Systems, Inc.**, a Connecticut corporation; and **Absolute Account Resolutions, LLC**, a Pennsylvania limited liability company; | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff alleges as follows:

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.

1  (hereinafter "FDCPA").  In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendants engaged in deceptive, unfair and/or abusive debt collection practices in violation of the FDCPA.  Plaintiff seeks to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II.  Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money

|||
|---|---|
| 1 | arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5). |
| 6. | The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6). |
| 7. | Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k. |

### III.   Jurisdiction

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

**IV. Parties**

9. Plaintiff is an individual and resident of Maricopa County, Arizona.

10. Plaintiff is allegedly obligated to pay a consumer debt.

11. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

12. Defendant American Payment Systems, Inc. (hereinafter "APS") is a Connecticut corporation.

13. APS regularly collects or attempts to collect debts owed or asserted to be owed or due another.

14. In the alternative, APS regularly collects or attempts to collect debts which it has purchased after default.

15. APS is a "debt collector" as defined by FDCPA § 1692a(6).

16. Defendant Absolute Account Resolutions, LLC (hereinafter "AAR") is a Pennsylvania limited liability company with its principal place of business at 921 Oak Street, Scranton, Pennsylvania.

17. AAR regularly collects or attempts to collect debts owed or asserted to be owed or due another.

18. In the alternative, AAR regularly collects or attempts to collect debts which it has purchased after default.

19. AAR is a "debt collector" as defined by FDCPA § 1692a(6).

### V. Factual Allegations

20. In or about June 1998, Plaintiff opened and used a credit card issued by Fleet Bank.
21. Plaintiff used the credit card for personal, family, and household purposes.
22. Plaintiff fell behind in his payments on the Fleet card, and ultimately defaulted no later than November 2000.
23. Fleet was subsequently purchased by Bank of America.

### a. AMERICAN PAYMENT SYSTEMS, INC.

24. Upon information and belief, the Fleet debt was later sold or assigned to APS for collection purposes.
25. In or about July 2008, APS mailed or caused to be mailed a collection letter to Plaintiff concerning the Fleet debt. A copy of this letter is attached hereto as Exhibit A and incorporated herein.
26. Exhibit A was received by Plaintiff on August 1, 2008.
27. Exhibit A was addressed as follows:

    ERIC G. BJOTVEDT
    C/O VMD GEORGE BJOTVEDT
    1300 N. GOOSE FLAT WAY
    PRESCOTT VALLEY, AZ 86314

1  28. Exhibit A threatens Plaintiff with legal action on the Fleet debt.
2  
3  29. Exhibit A implies that legal action has been filed against Plaintiff in Maricopa County by the use of the line "Case #: C-89882 County: *MARICOPA CNTY*."
4  
5  
6  30. In or about July 2008, APS mailed or caused to be mailed a collection letter to Plaintiff concerning the Fleet debt. A copy of this letter is attached hereto as Exhibit B and incorporated herein.
7  
8  
9  
10 31. Exhibit B was received by Plaintiff on August 8, 2008.
11 
12 32. Exhibit B was addressed as follows:
13              ERIC G. BJOTVEDT
               C/O AIYSHA SHAZ BJOTVEDT
14             27835 N. 47TH ST
               CAVE CREEK, AZ 85331-3615
15 
16 33. Exhibit B implies that legal action has been filed against Plaintiff in Maricopa County by the use of the line "Case #: C-89882 County: *MARICOPA CNTY*."
17 
18 
19 34. Exhibit B threatens Plaintiff with legal action on the Fleet debt.
20 
21 35. In or about July or August 2008, APS mailed or caused to be mailed a collection letter to Plaintiff concerning the Fleet debt. A copy of this letter is attached hereto as Exhibit C and incorporated herein.
22 
23 
24 
25 

- 6 -

1  36. Exhibit C was received by Plaintiff in August 2008.
2  37. Exhibit C was addressed as follows:
3     ERIC G. BJOTVEDT
       C/O BRUCE B BJOTVEDT
4      7261 N VIA NUEVA
       SCOTTSDALE, AZ 85258
5
6  38. Exhibit C implies that legal action has been filed against Plaintiff in Maricopa County by the use of the line "Case #: C-89882 County: *MARICOPA CNTY*."
9  39. Exhibit C threatens Plaintiff with legal action on the Fleet debt.
11 40. At the time Exhibits A, B and C were sent to Plaintiff, no legal action had been filed on the Fleet debt.
14 41. As of the date of this complaint, no legal action has been brought against Plaintiff on the Fleet debt.
17 42. At the time Exhibits A, B and C were sent, the Fleet debt was stale and beyond the applicable statute of limitations.
20 43. APS's falsely represented the status of the debt in its letters attached as Exhibits A, B and C.
22 44. APS sent Exhibits A, B and C in care of a third parties in order to disclose to third parties that Plaintiff was indebted to APS, and to intimidate, humiliate, and or embarrass Plaintiff.

-7-

45. In August 2008, Plaintiff received a phone call from APS demanding payment on the Fleet debt,
46. During this phone call, APS stated that if payment of the Fleet debt was not made, then a case would be filed in Maricopa County and gave Plaintiff a case number.
47. Immediately after the call, Plaintiff searched the Maricopa County Court records to see if a suit had been filed.
48. Upon learning that no suit had been filed against him by APS, Plaintiff refused to pay the debt.

### b. ABSOLUTE ACCOUNT RESOLUTIONS, LLC

49. Sometime on or before February 27, 2009, the Fleet debt was assigned or sold to AAR for collection purposes.
50. On or about February 27, 2009, AAR mailed or caused to be mailed to Plaintiff a collection letter concerning the Fleet debt. A copy of this letter is attached as Exhibit D and incorporated herein.
51. Exhibit D was the initial communication Plaintiff received from AAR.
52. Exhibit D did not contain the verification/ validation notice as required by 15 U.S.C. §1692g.
53. On or about February 27, 2009, AAR faxed to Plaintiff a collection letter concerning the Fleet

1  debt.  A copy of this letter is attached as Exhibit
2  E and incorporated herein.
3  54. Exhibit E states in part that if Plaintiff paid the
4  settlement demand of $8,000.00 by March 17, 2009,
5  then AAR would "mark our records accordingly and
6  your credit bureau report will be amended to reflect
7  this settled in full account."
8  55. On or about March 2, 2009, AAR faxed to Plaintiff a
9  collection letter concerning the Fleet debt.  A copy
10 of this letter is attached as Exhibit F and
11 incorporated herein.
12 56. Exhibit F again states in part that if Plaintiff
13 paid the settlement demand of $6,500.00 by March 17,
14 2009, then AAR would "mark our records accordingly
15 and your credit bureau report will be amended to
16 reflect this settled in full account."
17 57. The statements concerning credit reporting contained
18 in Exhibits E and F were intended to suggest to
19 Plaintiff that the Fleet debt was reporting on his
20 credit bureau report(s).
21 58. Upon information and belief, as of February 27,
22 2009, AAR was not reporting the Fleet debt to any
23 consumer reporting agency to reflect on Plaintiff's
24 credit bureau report(s).
25 59. As of February 27, 2009, the Fleet debt was too old

1      to report to any consumer reporting agency or
2      reflect on Plaintiff's credit bureau report(s). See
3      Fair Credit Reporting Act, 15 U.S.C. §1681c(a)(4).
4  60. As a result of Defendants' actions as outlined
5      above, Plaintiff has suffered damages including, but
6      not limited to, embarrassment, humiliation, and
7      other emotional distress.
8  61. Defendants' actions taken here were intentional,
9      willful, and in gross or reckless disregard of
10     Plaintiff's rights and part of its persistent and
11     routine practice of debt collection.
12 62. In the alternative, Defendants' actions were
13     negligent.

### VI.   Causes of Action

**a.   Fair Debt Collection Practices Act**

16 63. Plaintiff repeats, realleges, and incorporates by
17     reference the foregoing paragraphs.
18 64. Defendant APS's violations of the FDCPA include, but
19     are not limited to, 15 U.S.C. §§ 1692c, 1692c(b),
20     1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692g.
21 65. Defendant AAR's violations of the FDCPA include, but
22     are not limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A),
23     1692e(5), 1692e(8), 1692e(10), and 1692g.
24 66. As a direct result and proximate cause of
25     Defendants' actions in violation of the FDCPA,

Plaintiff has suffered actual damages.

## VII.  Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.  Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered against each Defendant for:

a) Statutory damages of $1,000 pursuant to §1692k;

b) Actual damages in an amount to be determined by trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

RESPECTFULLY SUBMITTED:   June 19, 2009   .

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, Arizona 85206-3398
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff